# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BENJAMIN I. CROWLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1375-G** |
| | ) | |
| **BLATTNER ENERGY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is Plaintiff Benjamin I. Crowley's Motion to Remand (Doc. No. 5). Defendant Blattner Energy has filed a Response (Doc. No. 7) in opposition.

### I. Background

Plaintiff, appearing pro se, initially filed his claims against Defendant in the District Court of Kiowa County, Oklahoma. *See* Am. Compl. (Doc. No. 1-5). On November 18, 2025, Defendant removed this case to federal court on the basis of diversity jurisdiction. *See* Notice of Removal (Doc. No. 1) ¶¶ 3-14; 28 U.S.C. §§ 1332(a), 1441(a).

### II. Relevant Standards

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." *Salzer v. SSM Health Care of Okla., Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). As relevant here, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Since federal courts

are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

### III.    *Plaintiff's Motion to Remand*

Plaintiff's Motion seeks remand of this action to state court pursuant to 28 U.S.C. § 1447(c).  Plaintiff does not contest the Court's exercise of subject-matter jurisdiction but argues that remand is required due to Defendant's removal being procedurally defective. *See* Pl.'s Mot. at 1-2; Pl.'s Br. (Doc. No. 5-1) at 1.

Plaintiff first argues that the removal was untimely and conducted in bad faith because Defendant removed the case on the same day that its answer was due in state court. *See* Pl.'s Mot. to Remand at 2.  As asserted by Defendant, however, the timeliness of removal is governed by 28 U.S.C. § 1446(b), which prescribes in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

Defendant was served in the state-court action on October 29, 2025.  *See* Notice of Removal ¶ 2; *id.* Ex. 11 (Doc. No. 11-1).  Defendant removed this case on November 18, 2025, "within 30 days after the receipt" of Plaintiff's pleading.  28 U.S.C. § 1446(b)(1); *see* Notice of Removal ¶ 2.  The removal was therefore timely, and, even liberally construed, Plaintiff's arguments fail to reasonably show any bad faith by Defendant in

2

effecting such removal.  *See De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1156 (D.N.M. 2015) (explaining that "[a]fter the notice of removal is filed" "all state-court proceedings are automatically stayed"); *see also* Fed. R. Civ. P. 81(c)(2).

Plaintiff additionally seeks remand because "the federal docket incorrectly identif[ies] the state-court action" as having been filed by Defendant.  Pl.'s Br. at 1.  The Court concurs with Defendant that this argument is based upon a misreading of the docket.  The "filed by Blatter Energy" docket entry at ECF No. 1 refers to the Notice of Removal, rather than the lawsuit itself.  Remand is not warranted on this basis.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand (Doc. No. 5) is DENIED.

IT IS SO ORDERED this 30th day of July, 2026.

_____

CHARLES B. GOODWIN
United States District Judge

3