**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BENJAMIN I. CROWLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1375-G |
| | ) |
| BLATTNER ENERGY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Benjamin I. Crowley's Motion to Amend (Doc. No. 9). Defendant Blattner Energy has filed a Response (Doc. No. 10).

### I. Background

Plaintiff, appearing pro se, initially filed his claims against Defendant in the District Court of Kiowa County, Oklahoma. *See* Pet. (Doc. No. 1-2); Am. Compl. (Doc. No. 1-5). On November 18, 2025, Defendant removed this case to federal court on the basis of diversity jurisdiction. *See* Notice of Removal (Doc. No. 1); 28 U.S.C. §§ 1332(a), 1441(a).

Defendant next filed a Motion to Dismiss (Doc. No. 3), seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff then sought leave to amend his pleading. *See* Doc. No. 6; Pl.'s Mot. to Amend.

### II. Discussion

As relevant here, Plaintiff may amend his pleading "only with" "the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Under Rule 15(a)(2), courts enjoy "wide discretion" to permit amendment "in the interest

of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). Leave to amend should be denied only upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation marks omitted). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

Plaintiff's Amended Complaint raised employment discrimination claims against Defendant under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as well as a defamation claim under Oklahoma law. *See* Am. Compl. at 1-2. Plaintiff now seeks to amend to "clarify and refine" his factual allegations. Pl.'s Mot. to Amend. Plaintiff's proposed pleading eliminates his federal claims, provides further facts regarding his employment with and termination by Defendant, and raises additional state-law claims. *See id.* Ex. 1 (Doc. No. 9-1) (adding claims for wrongful termination, retaliation, negligence, and intentional infliction of emotional distress).

Defendant opposes amendment, arguing that Plaintiff's request should be denied because the "proposed amendments clearly render the operative pleading a moving target." Def.'s Resp. at 4. Defendant argues that Plaintiff seeks amendment as a misguided effort to deprive this Court of subject-matter jurisdiction and force remand of the case, and so the

2

Court should instead rule upon the pending Motion to Dismiss the Amended Complaint. *See id.* at 4-5.

This case is still in the initial stages, with no deadlines for amending pleadings yet imposed by the Court. And Plaintiff's proposed new claims are all premised upon the same workplace-related allegations as presented in the Amended Complaint. *See* Pl.'s Mot. to Amend Ex. 1, at 2-4. Defendant thus has not shown any material delay or undue prejudice would result from allowing amendment. *See Duncan*, 397 F.3d at 1315; *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) ("Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." (citation and internal quotation marks omitted)). Further, the removal of this case was premised upon diversity jurisdiction under 28 U.S.C. § 1332(a), and there has been no showing by either party that the Court's subject-matter jurisdiction would be affected by elimination of Plaintiff's federal claims. *See* Notice of Removal ¶ 13 (asserting that the parties are completely diverse and the amount in controversy exceeds $75,000.00). Defendant therefore has not demonstrated that amendment should be refused.

CONCLUSION

As outlined herein, Plaintiff's Motion to Amend (Doc. No. 9) is GRANTED. Plaintiff shall file the second amended complaint (currently attached as an exhibit to the Motion) within fourteen (14) days of the date of this Order.

The previously filed Motion to Dismiss (Doc. No. 3) is DENIED AS MOOT.

IT IS SO ORDERED this 30th day of July, 2026.

CHARLES B. GOODWIN
United States District Judge