IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
SEP 18 2026
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY ________, DEPUTY

BENJAMIN I. CROWLEY,

Plaintiff,

v.

BLATTNER ENERGY, LLC,

Defendant.

Case No. 5:25-cv-01375-G

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT OUT OF TIME**

Plaintiff Benjamin I. Crowley, proceeding pro se, respectfully moves under Federal Rule of Civil Procedure 6(b)(1)(B) for leave to file his Second Amended Complaint out of time. Plaintiff completed and signed the pleading before the September 15, 2026 deadline and, on September 11, 2026, entrusted it to UPS for expedited, trackable delivery to the Clerk of Court. The package was not delivered to the Clerk and the pleading was not docketed. After learning of the nondelivery, Plaintiff promptly investigated the shipment and prepared this motion and a replacement copy of the same pleading. The brief delay resulted from circumstances outside Plaintiff's reasonable control, was not intended to obtain an advantage, and will not prejudice Defendant. Plaintiff therefore asks the Court to extend the filing deadline through September 25, 2026, and accept the separately submitted replacement Second Amended Complaint as timely filed.

## BACKGROUND

1. Plaintiff was informed that his Second Amended Complaint was due on September 15, 2026.

2. Before that deadline, Plaintiff completed and signed the Second Amended Complaint previously tendered with his request to amend. Plaintiff did not change the substance of that pleading; he corrected its title to identify it as the Second Amended Complaint, consistent with the Court's instruction.

3. On September 11, 2026, Plaintiff delivered the Second Amended Complaint to UPS for expedited shipment to the Clerk of Court at the William J. Holloway, Jr. United States Courthouse, 200 N.W. 4th Street, Room 1210, Oklahoma City, Oklahoma 73102.

4. Plaintiff paid approximately $100 for expedited delivery and reasonably expected the shipment to arrive before the September 15, 2026 deadline.

5. UPS tracking subsequently showed that the package had not been delivered to the Clerk of Court. Despite Plaintiff's efforts to trace the shipment and obtain delivery, the Second Amended Complaint was not received or docketed by the deadline.

6. Plaintiff did not intentionally disregard the deadline. He used a trackable expedited carrier, addressed the shipment to the correct courthouse, monitored the delivery, contacted UPS concerning the nondelivery, and acted promptly after determining that the Clerk had not received the pleading.

7. Plaintiff now submits a replacement copy of the same Second Amended Complaint as a separate filing. Plaintiff seeks no substantive alteration and no strategic advantage from the brief delay.

8. Plaintiff has not previously requested an extension of the September 15, 2026 deadline.

9. As of the filing of this motion, Defendant's position regarding the requested extension is unknown to Plaintiff.

10. Granting the requested extension will not affect any scheduled trial, hearing, or other deadline.

## ARGUMENT

Rule 6(b)(1)(B) authorizes the Court, for good cause, to extend a deadline after it has expired when the failure to act resulted from excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable is an equitable determination that considers all relevant circumstances, including the danger of prejudice to the opposing party, the length of the delay and its potential effect on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995). Fault in the delay is an important consideration. *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). Each factor supports relief here.

## I. THE BRIEF DELAY WILL NOT PREJUDICE DEFENDANT

Defendant will suffer no meaningful prejudice if the Court accepts the replacement filing. The pleading is the same Second Amended Complaint Plaintiff attempted to deliver before the deadline. Plaintiff is not adding new allegations or using the delivery failure to obtain additional preparation time. Accepting the pleading will merely place on the docket the document Plaintiff had already completed and timely

entrusted to an expedited carrier.

## II. THE DELAY IS SHORT AND WILL NOT DISRUPT THE CASE

Plaintiff sought corrective relief promptly after the deadline and after confirming that the package had not been delivered or docketed. No hearing, trial, or other proceeding will be displaced by accepting the filing. The requested relief therefore will have little or no adverse effect on the orderly progress of this action.

## III. THE NONDELIVERY WAS OUTSIDE PLAINTIFF'S REASONABLE CONTROL

Plaintiff did not simply overlook the deadline. He completed the pleading, paid for expedited and trackable delivery, used the correct courthouse address, and tendered the package to UPS four days before the deadline. Once UPS accepted the package, its failure to complete delivery was beyond Plaintiff's reasonable control. Plaintiff recognizes that entrusting a filing to a commercial carrier does not itself constitute filing with the Court; he therefore promptly seeks leave under Rule 6(b)(1)(B) and separately submits a replacement copy rather than waiting indefinitely for the original package to be located or delivered.

## IV. PLAINTIFF ACTED IN GOOD FAITH

The objective shipping record shows when Plaintiff tendered the package, the expedited service purchased, and the unsuccessful delivery history. Plaintiff's approximately $100 expenditure for expedited delivery, his monitoring of the tracking record, and his prompt corrective filing demonstrate a good-faith effort to comply. There is no indication of gamesmanship, intentional delay, or disregard of the Court's instruction.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court grant this motion; extend the September 15, 2026 deadline through September 25, 2026; accept the separately submitted replacement Second Amended Complaint as timely filed; and grant any further relief the Court deems just.

Respectfully submitted,

_______________________________

Benjamin I. Crowley, Plaintiff Pro Se
Mailing Address: 14 montana bay
City/State/ZIP: San Antonio Tx 78254
Daytime Telephone: 719-253-2864
Fax: None / ____________
Email: CrowleyBenjamin1@Gmail.com