**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**BENJAMIN I. CROWLEY**, Plaintiff,

v.

**BLATTNER ENERGY LLC**, Defendant.

Case No. 5:25-cv-01375-G

# SECOND AMENDED COMPLAINT

(Oklahoma Common-Law Causes of Action Only)

## I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Benjamin I. Crowley is a resident of San Antonio, Texas.

2. Defendant Blattner Energy LLC is a limited liability company doing business in Oklahoma.

3. This action was originally filed in state court and was removed to this Court by Defendant.

4. Plaintiff has filed a Motion to Remand and does not concede that removal was proper.

5. Plaintiff expressly reserves all objections to subject matter jurisdiction and removal.

6. In the event this Court determines jurisdiction is proper, venue would be proper in this District because the events giving rise to these claims occurred in Oklahoma.

## II. FACTUAL BACKGROUND

### A. Employment

7. Plaintiff began employment with Defendant on October 17, 2023.

8. On January 8, 2024, Plaintiff was promoted to Foreman.

9. The promotion reflected Defendant's satisfaction with Plaintiff's performance and leadership.

10. Plaintiff's employment was terminated on April 18, 2024.

### B. Workplace Injury and Coercion

11. On March 14, 2024, Plaintiff was rear-ended while operating a company-issued vehicle within the course and scope of employment.

12. Plaintiff experienced physical pain as a result of the collision.

13. Plaintiff did not work on March 15, 2024 due to the accident.

14. On or about March 16, 2024, Plaintiff returned to work.

15. Upon returning, Plaintiff was instructed by supervisors Kyle and Jake to sign an incident report relating to the accident.

16. Plaintiff alleges he was pressured to sign the report despite it being incomplete at the time.

## C. Disciplinary Escalation

17. On or about March 20, 2024, Plaintiff was presented with documents labeled 'First Written Warning' and 'Second Written Warning' during the same meeting.

18. Plaintiff alleges that issuing a 'Second Written Warning' simultaneously with a 'First Written Warning' deviated from Defendant's progressive discipline practices.

19. These disciplinary actions occurred shortly after Plaintiff's workplace injury.

## D. Public Display of Derogatory Images

20. On April 6, 2024, Plaintiff personally observed and photographed printed images depicting himself displayed in the mechanical office.

21. The images included Plaintiff's face surrounded by cartoon hearts and exaggerated bubble imagery suggesting incompetence.

22. The images referenced a private remark Plaintiff had previously made to supervisor Tim Green during an attempt to defuse workplace hostility.

23. Plaintiff did not authorize or consent to the creation or display of these images.

24. The images were visible to supervisors and crew members.

25. Employees laughed and mocked Plaintiff in connection with the images.

26. The display undermined Plaintiff's authority as a Foreman and damaged his professional reputation.

27. The images falsely implied that Plaintiff was incompetent and unfit for supervisory responsibilities.

28. These implications were false.

29. The images were intentionally displayed in a shared workspace, thereby publishing the defamatory content to third parties.

30. Defendant knew or should have known that the implications conveyed were false and harmful.

31. As a result, Plaintiff suffered reputational harm, embarrassment, and emotional distress.

## E. Termination

32. Plaintiff's termination occurred on April 18, 2024.

33. The termination followed the workplace injury, disciplinary escalation, and public humiliation described above.

34. Plaintiff alleges that the adverse actions were retaliatory and wrongful.

## III. CAUSES OF ACTION

## COUNT I – DEFAMATION

35. Plaintiff incorporates paragraphs 1–34.

36. Defendant published defamatory depictions of Plaintiff by displaying the images described above.

37. The images conveyed false implications regarding Plaintiff's professional competence.

38. Plaintiff suffered damages as a result.

## COUNT II – WRONGFUL TERMINATION (Burk Tort)

39. Plaintiff incorporates paragraphs 1–34.

40. Plaintiff engaged in protected activity by reporting a workplace injury.

41. Plaintiff was terminated in retaliation for protected activity and in violation of Oklahoma public policy.

## COUNT III – RETALIATION

42. Plaintiff incorporates paragraphs 1–34.

43. Defendant took adverse employment actions against Plaintiff following his workplace injury.

44. The adverse actions were causally connected to Plaintiff's injury reporting.

## COUNT IV – NEGLIGENCE

45. Plaintiff incorporates paragraphs 1–34.

46. Defendant owed Plaintiff a duty to provide a safe workplace.

47. Defendant breached that duty.

## COUNT V – NEGLIGENT SUPERVISION / TRAINING / RETENTION

48. Plaintiff incorporates paragraphs 1–34.

49. Defendant failed to properly supervise and train supervisory personnel.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. Plaintiff incorporates paragraphs 1–34.

51. Defendant's conduct was extreme and outrageous.

52. Plaintiff suffered severe emotional distress as a result.

## IV. DAMAGES

53. Plaintiff has suffered lost wages, reputational harm, emotional distress, and other damages.

54. Plaintiff seeks damages in the amount of $5,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant in the amount of $5,000,000, costs of this action, and such other relief as the Court deems just and proper.

Respectfully submitted,

______________________________

Benjamin I. Crowley

## CERTIFICATE OF SERVICE

I certify that on this 17th day of Sept, 2026, a true and correct copy of the foregoing was mailed to:

Matthew J.G. McDevitt, OBA No. 20771

PIERCE COUCH HENDRICKSON BAYSINGER & GREEN, LLP

1109 N. Francis Ave.

Oklahoma City, OK 73106

______________________________

Benjamin I. Crowley